# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JOSEPH S. HAZELL,                    :

       Plaintiff,                 :        CIVIL ACTION

       v.                         :        No. 02-CV-2866

BP PRODUCTS NORTH                    :
AMERICA INC.,                        :

       Defendant,                 :

---

**FILED JUL 1 1 2002**

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant BP Products North America Inc. ("BP") hereby answers the Complaint of Plaintiff Joseph S. Hazell ("Plaintiff") as follows:  BP denies each and every averment of the Complaint except as expressly admitted below.

### Jurisdiction and Venue

1.    BP admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), but denies that it has violated Plaintiff's rights under those statutes and further denies that Plaintiff is entitled to relief from BP pursuant to those statutes or on any other basis.  BP admits the remaining allegations contained in Paragraph 1 of the Complaint.

2.    Admitted.

**Parties**

3.      BP is without knowledge or information sufficient to form a belief as to the truth of the averments concerning Plaintiff's residency status and current address contained in Paragraph 3 of the Complaint, and accordingly, said averments are deemed denied.

4.      BP admits that it is incorporated in the State of Maryland. By way of further answer, BP states that its principal place of business is in the State of Illinois. BP denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Admitted.

**Facts**

6.      BP admits that Plaintiff is an African American. BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 6 of the Complaint, and accordingly, said averments are deemed denied.

7.      BP admits that Plaintiff speaks with an accent. BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 7 of the Complaint, and accordingly, said averments are deemed denied.

8.      Admitted.

9.      BP admits that Plaintiff was assigned to the BP station located at 2200 Island Avenue, Philadelphia. By way of further answer, BP states that Plaintiff first trained at Station No. 4518 in Philadelphia before being assigned in May 2001 to the 2200 Island Avenue site.

10.     BP is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint, and accordingly, said averments are deemed denied.

11.     Denied.

12.     Denied.

2

816774v1

13.    Denied.

14.    Denied.

15.    Admitted.

16.    BP admits that a market reorganization in Philadelphia occurred in July 2001 and that Plaintiff began reporting to a new supervisor at that time. BP denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    BP admits that Plaintiff began reporting to Company Account Executive John Sommer subsequent to the market reorganization. BP denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.    Denied.

19.    Denied.

20.    Admitted.

21.    BP admits that its policy prohibited site managers from implementing increased prices at the pump until after they had first changed the prices on the station's signs and that plaintiff was instructed regarding this policy. The remaining averments of Paragraph 21 contain conclusions of law to which no response is required.

22.    BP is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the Complaint, and accordingly, said averments are deemed denied.

23.    To the extent that Paragraph 23 contains conclusions of law, no response is required. BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 23 of the Complaint, and accordingly, said averments are deemed denied.

816774v1

24.    BP admits that Plaintiff was terminated on August 13, 2001 for reasons including the failure to implement a price change at the gas pump.  BP denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.    BP denies that Plaintiff had never been told by anyone at BP that he was authorized to purchase numbers for station signs.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 25 of the Complaint, and accordingly, said averments are deemed denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Admitted.

30.    BP admits that the termination of an African-American Site Manager by John Sommer was reduced to a written disciplinary notice after the employee requested review by the BP Human Resources department.  BP denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.    Denied.

32.    Denied.

33.    Denied.

34.    BP admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, which charge speaks for itself, and that Plaintiff requested dual filing with the Pennsylvania Human Relations Commission.  BP denies the remaining allegations contained in Paragraph 34 of the Complaint.

816774v1

35.    BP admits that Plaintiff was issued a Notice of Right to Sue by the EEOC. BP is

without knowledge or information sufficient to form a belief as to the truth of the averments

contained in Paragraph 35 of the Complaint, and accordingly, said averments are deemed denied.

## Count I
## Violation of Title VII

36.    BP incorporates its responses to Paragraphs 1 through 35 as if set forth at length

herein.

37.    Denied.

## Count II
## Violation of P.H.R.A.

38.[1]    BP incorporates its responses to Paragraphs 1 through 37 as if set forth at length

herein.

39.[2]    Denied.

WHEREFORE, BP requests that the Court dismiss the Complaint with prejudice and

enter any further relief, including costs and attorneys' fees to BP, as this Court deems

appropriate.

## AFFIRMATIVE DEFENSES

1.    The Complaint, and each cause of action purportedly contained therein, fails to

state a claim upon which relief can be granted and thus should be dismissed.

2.    Plaintiff's claims are barred or offset by his failure to mitigate any claim for loss

or damage.

3.    Plaintiff is not entitled to any damages, as none were incurred.

---

[1] This paragraph is misnumbered in the Complaint as Paragraph 34.
[2] This paragraph is misnumbered in the Complaint as Paragraph 35.

816774v1

4.      To the extent that the Complaint asserts claims under Title VII that were not

alleged in a relevant, valid and timely charge of discrimination filed by Plaintiff with the Equal

Employment Opportunity Commission, such claims are barred due to Plaintiff's failure to

exhaust his administrative remedies.

5.      Plaintiff unreasonably failed to take advantage of the preventive or corrective

opportunities provided by BP to address his complaints.

6.      To the extent Plaintiff asserts a claim for physical and/or emotional injuries as a

result of his employment, the exclusive remedy for such alleged injury is the Pennsylvania

Workers' Compensation Act and therefore Plaintiff is precluded from asserting such claims in

this action.

7.      BP expressly reserves all affirmative defenses, rights and remedies at law and in

equity that become applicable based on information gathered during discovery.


WHEREFORE, BP requests that this Court dismiss the Complaint with prejudice and

enter any further relief, including costs and attorneys' fees to BP, as this Court deems

appropriate.

Edward T. Ellis
Attorney I.D. No. 23680
Janice G. Dubler
Attorney I.D. No. 76578
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109-1099

Attorneys for Defendant
BP Products North America Inc.

Dated: July 9, 2002

6

816774v1

## CERTIFICATE OF SERVICE

I, Janice G. Dubler, do hereby certify that on the 9th day of July, 2002, I served a true

and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Complaint,

via U.S. First Class Mail, postage prepaid, upon the following individuals at the address

indicated:

Nancy C. DeMis, Esquire
Dena B. Calo, Esquire
Gallagher, Schoenfeld, Surkin & Chupein, P.C.
25 West Second Street
Media, PA  19063-0900

Janice G. Dubler, Esquire

7

816774v1

## Horner, Patricia

| | |
|---|---|
| **From:** | Nugent, Phyllis |
| **Sent:** | Tuesday, July 16, 2002 3:41 PM |
| **To:** | Dubler, Janice |
| **Cc:** | Horner, Patricia |
| **Subject:** | Telephone call |

A telephone call came in on Tuesday, 7/16/02, to Janice from Fernando Benitez of U.S.D.C. regarding a PDF formatted disc that was forwarded to them in the *Joseph Hazel v. BP Products* case.  There were two documents on the disc and he said that each document must be formatted on separate discs even though it's the same case.  The pleadings were an Entry of Appearance and Motion for Admission Pro Hac Vice.  His direct phone line is 267-299-7006.

I told him you were both on vacation and it would be taken care of as soon as Janice's secretary returned next week.  He was satisfied with that.

Phyllis M. Nugent, ext. 7743
Montgomery, McCracken, Walker & Rhoads, LLP

This email contains confidential information intended only for the person or persons specified in the address field(s).  Any use, distribution, copying or disclosure by any other person is strictly prohibited.  If you received this email in error, please notify the sender by telephone 856.488.7743 or send email to pnugent@mmwr.com

1