IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH S. HAZELL                 :          CIVIL ACTION
                                 :
        v.                       :
                                 :
BP PRODUCTS NORTH AMERICA, INC. :          NO. 02-2866

FIRST SCHEDULING ORDER

**AND NOW**, this        day of August, 2002, following a
status conference in the above case, **IT IS HEREBY ORDERED** that:

        1.  All discovery shall proceed forthwith and continue
in such manner as will assure that all requests for, and
responses to, discovery will be served, noticed and completed by
January 31, 2003.

        2.  Parties shall serve reports of expert witnesses
with respect to issues on which they have the burden of proof at
least thirty (30) days before completion of discovery.

        3.  Parties shall serve any responsive reports on or
before the date for completion of discovery.

        4.  Any summary judgment motion or other dispositive
motion, together with supporting brief, shall be filed and served
on or before February 17, 2003.  Every factual assertion in a
brief shall be supported by a citation to the record where that
fact may be found.

        5.  No brief filed in support of or in opposition to
any motion shall exceed 25 pages in length without prior leave of
court.

6.    All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c), and any motions in limine as follows:

A.    Plaintiff(s) - on or before March 12, 2003; and

B.    Defendant(s) - on or before March 24, 2003.

7.    The Court will hold a final pretrial and settlement conference to be scheduled after the conclusion of discovery.

8.    The case will be placed in the trial pool on April 1, 2003.

9.    Any party having an objection to:   (A) the admissibility for any reason (except relevancy) of any evidence expected to be offered or (B) the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in its Pretrial Memorandum.   Such objection shall describe with particularity the ground and the legal authority for the objection.

10.    The Pretrial Memorandum shall also identify the other significant legal issues involved in the case, together with appropriate citations and other legal authority.

11.    If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.   If the

inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

12.   At least five (5) working days before the case is placed in the trial pool, each party shall submit to the court, and serve on each other, two (2) copies of proposed points for charge and any proposed special jury interrogatories.  Each point for charge or proposed jury interrogatory shall be numbered and shall be on a separate sheet of paper identifying the name of the requesting party.  Supplemental points for charge will be permitted during and at the conclusion of the trial.  Points for charge should be accompanied by appropriate citations of legal authority.

13.   If a party uses any version of the Word Perfect word processing system, it is urged to provide the court with a disk containing the proposed points for charge and proposed special jury interrogatories.

14.   Before commencement of trial, counsel will pre-mark and exchange all exhibits.  The court should be supplied with two (2) separate sets of exhibits, and a schedule of exhibits which shall briefly describe each exhibit.

BY THE COURT:


_____
                                                            J.