IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph S. Hazell<br>707 Yeadon Avenue<br>Yeadon, PA 19050<br><br>v.<br><br>BP Products North America, Inc.<br>1 W. Pennsylvania Avenue<br>Suite 910<br>Towson, MD 21204 | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Joseph Hazell, brings the current action against his former employer, BP Products North America, Inc. (hereinafter "BP"), because of the termination of his employment as a site manager due to his race and national origin **discrimination and retaliation** in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act.

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq ("PHRA"). This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1332, and 42 U.S.C. §2000e-5f, and the principles of supplemental jurisdiction under 28 U.S.C. §1367.

2. Venue is proper in this district under 28 U.S.C. §1391(b), as the events giving rise to the claims occurred in this district.

### PARTIES

3. Plaintiff, Joseph Hazell (hereinafter Hazell or Plaintiff) is a permanent resident of the

United States residing at 707 Yeadon Avenue, Yeadon, PA 19050.

4. Defendant, BP Products North America, Inc. is a Maryland corporation with a principal place of business at 1 W. Pennsylvania Avenue, Suite 910, Towson, MD 21204.

5. Defendant does business, including operation of service stations, throughout the state of Pennsylvania and has a registered agent for service of process: The Prentice Hall Corporation System, 2704 Commerce Drive, Harrisburg, PA 17110.

**FACTS**

6. Plaintiff is an African American of West Indian origin.

7. Plaintiff speaks with a distinct West Indian accent, and his West Indian origin is obvious and was known to management at BP.

8. Plaintiff began employment with BP on January 22, 2001 as a site manager.

9. Plaintiff was assigned to the BP station located at 2200 Island Avenue, Philadelphia.

10. The 2200 Island Avenue station is located in a predominately African-American neighborhood.

11. The 2200 Island Avenue station was losing money when Plaintiff was assigned that location.

12. Plaintiff received very little training for the position of site manager.

13. Plaintiff was an exemplary employee during his short tenure as site manager and received praise from his managers.

14. Plaintiff turned the Island Avenue station into a profitable operation.

15. As a site manager of a profitable BP station, Plaintiff was entitled to incentive pay.

16. **On or about July 24, 2001, Plaintiff notified BP Human Resources Advisor,**

**Miechelle Bertot, that he believed his supervisor, Paul Miller, was acting in a discriminatory manner toward employees, including employee Arthur Smith, and that Miller needed sensitivity training on racial relations.**

17. **Bertot informed Area Manager, Steve Vandenbrook, about Plaintiff's statements but never conducted any investigation regarding Miller's treatment of African-American employees, never spoke with Miller about these issues, and never followed-up with Plaintiff.**

18. In the months subsequent to Plaintiff's hire, BP underwent a substantial change in management, including changes in Plaintiff's supervisors.

19. Following the management changes, Plaintiff's immediate supervisor was Customer Account Executive John Sommer.

20. The new supervisors and management were openly hostile to African-American employees.

21. On information and belief, after the change in management, a number of African-American site managers were removed from profitable stations and replaced by non-minority site managers.

22. On or about August 13, 2001, in the late morning, BP notified it site managers of a change in gasoline price at the pump.

23. Plaintiff had been instructed by BP that, pursuant to BP policy and the law, site managers could not implement increased prices at the pump until after they had first changed the prices on the station's signs.

24. Plaintiff did not have the necessary numbers in the station to change the sign.

25. Plaintiff had entered the price change into the station computers but, pursuant to BP policy and the law, had deferred the final step to implement the change at the pump because he did not have the necessary numbers for posting the price.

26. Plaintiff was nevertheless discharged around noon the same day for allegedly failing to implement a price change at the gas pump.

27. Plaintiff had never been told by anyone at BP that he was authorized to purchase numbers for station signs and had never had occasion to purchase numbers for station signs.

28. **Vandenbrook and Bertot took part in the decision to fire Plaintiff only two weeks after he opposed BP's discriminatory actions toward African-American employees.**

29. Plaintiff's termination from employment by BP was without cause or justification.

30. Upon information and belief, white site managers who have similarly been delayed in implementing price changes at the pump have not been terminated.

31. Upon information and belief, white site managers who have committed more significant infractions of BP policy have not been terminated.

32. Upon information and belief, Plaintiff was replaced by a white site manager.

33. Upon information and belief, BP's HR department has overruled as unfounded at least one decision by Sommer to terminate an African-American employee and yet made no effort to investigate the termination of Plaintiff by the same supervisor, or to investigate the pattern of disproportionate termination of African American site managers.

34. Plaintiff was terminated by BP because of his race, African-American, his national origin, West Indian, **and in retaliation for his opposition to discrimination**.

35. BP's termination of Plaintiff because of his race, national origin **and in retaliation for**

**opposing discrimination** was intentional, wilful and deliberate, was done with knowledge that it was in violation of federal and state laws against discrimination, with wilful disregard for those laws, and with actual malicious intent to harm Plaintiff.

36. As a result of Defendants' unlawful termination of him, Plaintiff has sustained damages including lost past and future compensation and benefits, lost career opportunities, humiliation, pain and suffering and emotional distress.

37. **Plaintiff timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 8, 2001 and January 6, 2003 which were dual filed with the Pennsylvania Human Relations Commission ("PHRC").**

38. **Plaintiff received his Notification of Right to Sue on the race and national origin claims from the EEOC on May 1, 2002. Plaintiff received his Notification of Right to Sue on his retaliation claim on or about February 7, 2003. [The 5/1/02 and 2/7/03 Right to Sue notices are attached hereto, collectively, as exhibit A].**

## COUNT I
## VIOLATION OF TITLE VII

39. Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs.

40. By intentionally, wilfully and deliberately terminating Plaintiff because of his race and national origin, Defendant violated Title VII.

41. **By intentionally, willfully and deliberately terminating Plaintiff in retaliation for his opposing discriminatory activity, Defendant violated Title VII.**

Wherefore, Plaintiff prays for the following relief:

a) Order Defendant to reinstate Plaintiff to the position which he would have had he

not been unlawfully terminated, together with all compensation, benefits and job opportunities incident thereto;

        b)    Order Defendant to compensate Plaintiff for the full value of compensation and benefits he would have received had he not been the victim of race and national origin discrimination, with interest thereon;

        c)    Enter a judgment in favor of Plaintiff and against Defendant for compensatory and punitive damages under Title VII;

        (d)    Enter a permanent injunction enjoining Defendant from discriminating against Plaintiff in any manner that violates Title VII;

        (e)    Order Defendant to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and

        (f)    Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF P. H. R. A.

42. Plaintiff incorporates as if fully stated the allegations of the preceding paragraphs of this Complaint.

43. By intentionally, wilfully and deliberately terminating Plaintiff because of his race and national origin, Defendant violated the PHRA.

44. **By intentionally, willfully and deliberately terminating Plaintiff in retaliation for his opposing discriminatory activity, Defendant violated the PHRA.**

Wherefore, Plaintiff prays for the following relief:

      a)      Order Defendant to reinstate Plaintiff to the position which he would have had he not been unlawfully terminated, together with all compensation, benefits and job opportunities incident thereto;

      b)      Order Defendant to compensate Plaintiff for the full value of compensation and benefits he would have received had he not been the victim of race and national origin discrimination, with interest thereon;

      c)      Enter a judgment in favor of Plaintiff and against Defendant for compensatory damages under the PHRA;

      (d)      Enter a permanent injunction enjoining Defendant from discriminating against Plaintiff in any manner that violates the PHRA;

      (e)      Order Defendant to pay Plaintiff the costs and expenses of this litigation, including reasonable attorneys' fees; and

      (f)      Grant Plaintiff such further legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts of this complaint.

Date: _____

      Nancy C. DeMis, Esq. (PA ID 58897)
      Dena B. Calo, Esq. (PA ID 76950)
      Gallagher, Schoenfeld,
          Surkin & Chupein, P.C.
      25 West Second Street
      Media, PA 19063-0900
      (610) 565-4600
      Attorneys for Plaintiff